**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREATER CALLECITA
NEIGHBORHOOD ASSOCIATION, a
New Mexico non-profit corporation;
RICHARD FOLKS; FREDERICK M.
ROWE,

        Plaintiffs - Appellants,

    v.

HYDE PARK COMPANY, LLC, a
New Mexico limited liability
company; HP DEVELOPMENT, INC.;
KEN HINKES; MURRAY KELLY;
KARL H. SOMMER; WILLIAM C.
KUEFFER; DARRYL G. LEWIS,

        Defendants - Appellees.

----------------------------------------------

GREATER CALLECITA
NEIGHBORHOOD ASSOCIATION, a
New Mexico non-profit corporation;
RICHARD FOLKS; FREDERICK M.
ROWE,

        Plaintiffs - Appellees,

    v.

No. 00-2398
(D. Ct. No. CIV-99-837 JP)
(D. N. Mex.)

No. 00-2507
(D. Ct. No. CIV-99-837-JP)
(D. N. Mex.)

HYDE PARK COMPANY, LLC, a
New Mexico limited liability
company; HP DEVELOPMENT, INC.;
KEN HINKES; MURRAY KELLY,

        Defendants,

    and

KARL H. SOMMER

        Defendants - Appellant.

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **HENRY**, and **LUCERO**, Circuit Judges.

---

In case number 00-2398, Greater Callecita Neighborhood Association ("GCNA") appeals: (1) the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of its 42 U.S.C. § 1983 claims against Hyde Park Company, LLC ("Hyde Park") and Karl Sommer, Hyde Park's counsel; and (2) the district court's denial of GCNA's motion for leave to file an amended complaint. In case number 00-2507, Mr. Sommer appeals the district court's denial of his motion to recover attorney fees and costs from GCNA. We

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

consolidate case numbers 00-2398 and 00-2507 for the purposes of this order and judgment, exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court on all issues raised on appeal.

In September 1994, Hyde Park applied to the City of Santa Fe for approval of a proposed residential subdivision plat for certain real property that it owned in the city. Ultimately, after much debate and discussion within the community, the Santa Fe City Council voted 5-2 to reverse the City Planning Commission's prior decision to approve Hyde Park's application. In response, Hyde Park filed two lawsuits in New Mexico state court—one against the Santa Fe City Council and one against GCNA—both of which were removed to federal court. The federal district court's decision to dismiss Hyde Park's federal claims in both lawsuits and remand the remaining state law claims was affirmed on appeal by this court. Hyde Park Co. v. Santa Fe City Council, 226 F.3d 1207 (10th Cir. 2000).

In July 1999, GCNA, along with the president of the association, Richard Folks, and the vice-president of the association, Frederick Rowe, sued, among others, Hyde Park, Mr. Sommer, and two of Santa Fe's city planning officials.[1]

---

[1] William Kueffer, who served as the Director of the City of Santa Fe's Planning & Land Use Development from 1996 to 1998 and Darryl Lewis, who served as a member of the Santa Fe Planning Commission from 1994 to 1997 and as its chair from August 1995 until June 1997.

- 3 -

Count I of the complaint was filed under 42 U.S.C. § 1983 alleging that Hyde Park and Mr. Sommer had entered into a conspiracy with Mr. Kueffer and Mr. Lewis to deprive the members of GCNA of their constitutional rights to petition their elected officials. In sum, GCNA alleged in its complaint that Mr. Lewis, while a member of the City Planning Commission, covertly agreed with Hyde Park to reverse prior disapproval decisions concerning Hyde Park's application for a residential subdivision plat. GCNA further alleged that in pursuit of these ends, Mr. Lewis coerced city staff, manipulated the planning commission, and provided false testimony in the Hyde Park suit against GCNA. Finally, GCNA alleged that Mr. Lewis's actions were motivated in part by his own commercial interests as a realtor and in part by a debt that Mr. Lewis owed to Mr. Sommer's law firm for prior legal service concerning a personal matter. At various times, all the defendants filed motions to dismiss GCNA's § 1983 claims.

On May 9, 2000, the district court dismissed GCNA's § 1983 claims against Mr. Sommer. Subsequently, GCNA filed a motion to amend its complaint. The district court denied the motion to amend on July 6, 2000. In that same order, the district court also dismissed GCNA's § 1983 claims against Hyde Park. On August 31, 2000, the remaining parties and claims were dismissed by stipulation of the parties. On September 8, 2000, the district court issued its final order of dismissal, dismissing all federal claims against all of the

- 4 -

defendants with prejudice and dismissing all remaining state law claims against Hyde Park and Mr. Sommer without prejudice. Finally, in November 2000, the district court denied a previously filed motion by Mr. Sommer to recover his attorney fees and costs as the prevailing party pursuant to 42 U.S.C. § 1988. This appeal followed.

"We review de novo the district court's dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We must take as true and view in the light most favorable to [the plaintiffs] all factual allegations contained in their complaint." Crider v. Bd. of County Comm'rs, 246 F.3d 1285, 1288 (10th Cir. 2001) (citations omitted). "We review the denial of [a] motion to amend a complaint only for abuse of discretion." Seymour v. Thornton, 79 F.3d 980, 984-85 (10th Cir. 1996). "We review the district court's decision[] to deny attorney fees under 42 U.S.C. § 1988 . . . for abuse of discretion." Mitchell v. City of Moore, 218 F.3d 1190, 1198 (10th Cir. 2000).

For substantially the same reasons given by the district court, we agree that dismissal of the § 1983 claims against both Hyde Park and Mr. Sommer pursuant to Rule 12(b)(6) was appropriate. See Greater Callecita Neighborhood Ass'n v. Hyde Park Co., Civ. No. 99-837 (D.N.M. May 9, 2000) (memorandum opinion and order dismissing § 1983 claims against Mr. Sommer); id., (July 6, 2000) (order dismissing § 1983 claims against Hyde Park). Furthermore, we find no

abuse of discretion in the decisions of the district court denying GCNA leave to amend its complaint and denying attorney fees and costs to Mr. Sommer.

The various orders of the district court challenged in case number 00-2398 and case number 00-2507 are therefore AFFIRMED, and the Memorandum Opinion and Order of the district court dated May 9, 2000 is ordered attached hereto.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

Attachment not available electronically.