**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 11, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 06-3131

(District of Kansas)

ALFREDO TORRES,

(D.C. NO. 05-CR-40003-02-SAC)

Defendant-Appellant.

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

Alfredo Torres and his traveling companion, Tanzitaro Guerrero, were arrested at a rest stop in Topeka on January 8, 2005. The encounter began with a voluntary encounter with state police, followed by a temporary seizure of Mr. Torres's and Mr. Guerrero's identifying documents. After the seizure ended, the state officer asked for consent to search the vehicle, received it, and found more than 4 kilograms of methamphetamine. The factual background of the vehicle

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

search and subsequent arrest is detailed in Mr. Guerrero's appeal, *United States v. Guerrero*, 472 F.3d 784, 785-86 (10th Cir. 2007).

In a suppression hearing, the district court found that the detention of the two men was supported by reasonable suspicion, and that Mr. Guerrero's subsequent consent was not tainted. The court also held that Mr. Torres did not have standing to challenge the search of the car: "[N]o evidence was presented to show that defendant Torres had either lawful ownership or lawful possession of the vehicle, or that he had a possessory interest in the drugs found, or otherwise had a reasonable expectation of privacy in the vehicle." Order at 15.

Mr. Torres and Mr. Guerrero each pleaded guilty to one count of possessing methamphetamine with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Each reserved the right to appeal the constitutionality of the vehicle search. We **DENY** the Government's motion to dismiss Mr. Torres's appeal as moot, and we **AFFIRM** the district court's ruling that the detention was supported by reasonable suspicion.

The Government claims that the appeal is moot because Mr. Torres failed to argue, in his opening brief, that he had standing to contest the search of the vehicle. But the case is obviously not moot: Mr. Torres was convicted and is serving his sentence, so the appeal presents a live controversy. The real question is waiver. "Issues not raised in the opening brief are deemed abandoned or waived." *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th

Cir. 1997). "It is not sufficient to merely mention an issue in a reply brief." *Coleman*, 108 F.3d at 1205.

Construing the government's mootness argument as a waiver argument, it still fails, because Mr. Torres disputes the legality of his detention rather than the legality of the search of the vehicle. While so-called Fourth Amendment "standing" is required to challenge a search, *United States v. Arango*, 912 F.2d 441, 445-46 (10th Cir. 1990), standing is not required to contest a search that occurs during or as a direct result of an illegal detention. As we explained in *United States v. Nava-Ramirez*, "although a defendant may lack the requisite possessory or ownership interest in a vehicle to directly challenge a search of that vehicle, the defendant may nonetheless contest the lawfulness of his own detention and seek to suppress evidence found in the vehicle as the fruit of the illegal detention." 210 F.3d 1128, 1131 (10th Cir. 2000). Mr. Torres need not have a reasonable expectation of privacy in the vehicle in order to contest his detention.

That said, Mr. Torres's appeal fails on the merits. To begin, we do not accept Mr. Torres's contention that we must assess an encounter that begins voluntarily more stringently than we would an encounter that begins as a compulsory traffic stop. *Guerrero*, 472 F.3d at 787. Voluntary questioning is "the sort of consensual encounter that implicates no Fourth Amendment interest."

*Florida v. Rodriguez*, 469 U.S. 1, 5-6 (1984).[1]  That the purpose of that questioning "was drug interdiction not a traffic stop," Appellant Br. at 12, is immaterial to our analysis.  So long as the basis for reasonable suspicion was gained through proper means—whether during voluntary questioning or a traffic seizure—the nature and form of our review remains identical.  *See, e.g. Florida v. Royer*, 460 U.S. 491 (1983); *United States v. Lambert*, 46 F.3d 1064, 1068 (10th Cir.1995).

Nor can we agree with Mr. Torres that reasonable suspicion was lacking here.  As discussed at length in *Guerrero*, "factors cited by Deputy Rhodd coalesce into a scenario sufficient to give rise to a reasonable suspicion of criminal activity."  *Guerrero*, 472 F.3d at 788.  Specifically, Mr. Torres's and Mr. Guerrero's divergent stories concerning the purposes and details of their travel were sufficiently inconsistent to arouse the officer's legitimate suspicion that

---

[1] Mr. Torres does not appear to dispute that his initial encounter with police was consensual; he argues only that the officer's allegedly improper motive should affect our analysis of reasonable suspicion.  And indeed, a consent argument would be futile under these facts:

> [P]olice questioning, by itself, is unlikely to result in a Fourth Amendment violation. . . . Unless the circumstances of the encounter are so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave if he had not responded, one cannot say that the questioning resulted in a detention under the Fourth Amendment.

*I.N.S. v. Delgado*, 466 U.S. 210, 216 (1984).

Similarly, Mr. Torres does not contest the district court's finding that he has no independent standing to object to the search for reasons other than its resulting from an illegal detention.  Accordingly, we do not consider those issues on appeal.

illegal narcotics trafficking was underway. *United States v. Kopp*, 45 F.3d 1450, 1453-54 (10th Cir. 1995).

Accordingly, we **DENY** the motion to dismiss the appeal as moot, and we **AFFIRM** the district court's ruling that the evidence is admissible.

Judge Hartz concurs in the judgment only.

Entered for the Court,

Michael W. McConnell
Circuit Judge