FILED
United States Court of Appeals
Tenth Circuit

February 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY L. MASKE,

    Petitioner-Appellant,

v.

ROBERT MURPHY,

    Respondent-Appellee.

No. 09-1536

(D. of Colo.)

(D.C. No. 09-cv-2752-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Jerry L. Maske is a frequent filer in federal court and is subject to filing restrictions. In this case, he filed a 28 U.S.C. § 2254 habeas corpus petition in district court challenging his conviction for violating probation. Based on Maske's failure to abide by the filing requirements to which he was subject, the district court dismissed the case without prejudice.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Maske requests a certificate of appealability (COA) from this court so he may pursue an appeal. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal a denial of a habeas application). Maske appears to argue the following: (1) the evidence supporting his conviction was fabricated; (2) his sentence was unreasonable; (3) he was a victim of false arrest and unreasonable searches and seizures; (4) the government deprived him of constitutionally protected rights; and (5) his due process rights were violated. He fails to address the district court's dismissal on procedural grounds.

We DENY the application for a COA.

## I.

Maske's application does not meet the standard necessary to qualify for a COA. We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Maske must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). In instances where the district court has rejected the constitutional claims on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

As an initial matter, Maske's unsupported and conclusory statements about the merits meet none of these criteria. More fundamentally, however, when the district court dismisses the petition on procedural grounds, the applicant must not only make a substantial showing of the denial of a constitutional right; he must also demonstrate the district court's "dismissal on procedural grounds was debatable or incorrect." *Id.* at 485. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484.

Maske fails to make a substantial showing of the denial of a constitutional right, and he does not even address the procedural grounds on which the district court dismissed his case, which were that Maske failed to comply with the filing requirements the district court had placed upon him. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (en banc) (internal quotations omitted). Thus, when a litigant repeatedly abuses the judicial process, the district court possesses the inherent power to impose filing restrictions necessary to aid its jurisdiction, as it did in this case. *Id.* "This court approves restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what

the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order." *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994). The district court imposed proper restrictions on Maske. R., Vol. 1, Doc. 2 at 5. He did not attempt to comply with them, nor did he offer any explanation as to why he failed to comply.

In short, no reasonable jurist could debate whether Maske's application under § 2254 should have been resolved differently.

**II.**

Because Maske does not meet the standards of 28 U.S.C. § 2253(c), we DENY his application for a COA. We consider his application for a COA frivolous, and therefore DENY his request to proceed *in forma pauperis*.

Additionally, we sua sponte impose restrictions on future filings in this court by Maske "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction" under 28 U.S.C. § 1651. *Winslow,* 17 F.3d at 315. From mid-2009 to date, Maske has filed 59 petitions with the district court, he has filed eight appeals with this court, and we have found each of them to be without merit and legally frivolous.

Accordingly, we hereby ENJOIN Maske from proceeding as an appellant unless either (1) he is represented by a licensed attorney admitted to practice in this court, or (2) he first obtains permission to proceed pro se.

To proceed pro se, Maske must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se action, which includes a list of all actions currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal; and

2. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted for modifying the district court's decision, and describing with particularity the order being challenged. The affidavit also must certify, to the best of Maske's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge or his or her designee for review to determine whether to permit an appeal. Without that approval, the matter will be dismissed. If the Chief Judge or his or her designee approves the filing, an order shall be

entered indicating that the appeal shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Maske shall have fifteen days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If he does not file objections, the sanctions shall take effect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If petitioner does file timely objections, these sanctions shall not take effect until after this court has ruled.

We caution Maske to consider the filing restrictions placed upon him by both this court and the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge