FILED
United States Court of Appeals
Tenth Circuit

January 31, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TANZITARO GUERRERO;
ALFREDO TORRES,

Defendants - Appellants.

Nos. 10-3177, 10-3179

(D. Kansas)

(D.C. No. 5:05-CR-40003-SAC-1 & 2)

---

ORDER AND JUDGMENT[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate records, this panel has determined

unanimously that oral argument would not materially assist in the determination

of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases

are, therefore, submitted without oral argument.

Petitioners Tanzitaro Guerrero and Alfredo Torres, both proceeding pro se,

appeal the district court's dismissal of their identical petitions for writs of audita

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

querela.[1]  They also appeal the district court's denial of Fed. R. Civ. P. 60(b) motions for relief from judgment.  We consolidate these appeals for the purpose of disposition and **affirm** the orders of the district court.

Guerrero and Torres were each charged with one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  They both pleaded guilty to the charge, reserving the right to appeal the district court's denial of their suppression motions.  On appeal, this court affirmed the district court's denial of Guerrero's and Torres's suppression motions.  *United States v. Guerrero*, 472 F.3d 784 (10th Cir. 2007); *United States v. Torres*, 237 Fed. App'x 337 (10th Cir. 2007).  In 2009, Torres filed a 28 U.S.C. § 2255 motion seeking to vacate his conviction.  The district court dismissed Torres's § 2255 motion as barred by the one-year limitations period set out in 28 U.S.C. § 2255(f).  Guerrero has never filed a motion seeking post-conviction relief.

Guerrero and Torres filed the instant, substantively identical, petitions for writs of audita querela in May of 2010.  Both contended the district court erred in denying their suppression motions.  Furthermore, both cited *United States v. Booker*, 543 U.S. 220 (2005), to argue their sentences were invalid because the

---

[1]Torres and Guerrero also filed motions for certificates of appealability. Because a certificate of appealability is not required to appeal the dismissal of a petition for a writ of audita querela, *United States v. Torres*, 282 F.3d 1241, 1247 n.9 (10th Cir. 2002), we **deny** these motions as moot.

district court treated the United States Sentencing Guidelines as mandatory.[2] The district court dismissed the petitions on the ground that the arguments of Guerrero and Torres were cognizable under 28 U.S.C. § 2255 and, therefore, not a proper basis for a writ of audita querela. Both Torres and Guerrero appeal.

The common law writ of audita querela permitted a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990) (quotation omitted). For the purpose of resolving these appeals, this court assumes without deciding that a prisoner may seek a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. *See United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002). Nevertheless, "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Id.* at 1245. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention.").

---

[2]As noted by the district court, this assertion has no basis in fact. Both Torres and Guerrero were sentenced well after the decision in *Booker* and the district court, in arriving at their sentence, treated the Guidelines as advisory only.

Torres and Guerrero challenge the validity of their convictions and sentences. Thus a motion pursuant to § 2255 is the proper avenue to pursue such claims. This is true even though they cannot meet the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That Torres may be barred from bringing another § 2255 motion and that any § 2255 motion filed by Guerrero would be time barred under § 2255(f) does not establish that the remedy set out in § 2255 is inadequate or ineffective. "[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho*, 177 F.3d at 1179 ("[T]he mere fact [a movant] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate.").

Because neither Torres nor Guerrero has demonstrated the remedy set out in § 2255 is inadequate or ineffective, the district court correctly concluded they cannot proceed pursuant to the writ of audita querela. Furthermore, the district court was well within its discretion in denying the Fed. R. Civ. P. 60(b) motions of Torres and Guerrero, as those motions merely reargued the matters set out in the petitions for writs of audita querela. The orders of the district court dismissing the petitions for writs of audita querela and denying the Rule 60(b) motions are hereby **AFFIRMED**. Furthermore, because neither Torres nor Guerrero has made a reasoned, nonfrivolous argument on appeal, this court

**DENIES** their motions to proceed on appeal in forma pauperis. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge