**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY C. KENNEY,

      Plaintiff - Appellant,

v.

STATE OF OKLAHOMA,

      Defendant - Appellee.

No. 15-6021
(D.C. No. 5:14-CV-00463-M)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **GORSUCH**, **McKAY,** and **BACHARACH**, Circuit Judges.

After Anthony Kenney filed a drove of frivolous lawsuits in the United States District Court for the Northern District of Oklahoma, that court imposed certain restrictions on his ability to bring additional actions before it. In an apparent attempt to circumvent those restrictions, Mr. Kenney set his sights on a new jurisdiction and filed this suit in the neighboring Western District. After a

---

*After examining Mr. Kenney's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

magistrate judge granted his motion to proceed *in forma pauperis*, the district court dismissed Mr. Kenney's complaint pursuant to 28 U.S.C. § 1915(e), which requires courts to dismiss *in forma pauperis* actions that "fail[] to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

We discern no error in that disposition and so we affirm the district court's judgment. Though Mr. Kenney's complaint appears to allege that Oklahoma failed to pay him workers' compensation benefits, it fails to set forth factual allegations from which we might infer some plausible basis for relief. Mr. Kenney, who has brought more than twenty appeals before this court, should be on notice too that any future frivolous, malicious, or abusive filings will put him at the risk of sanctions, including possible filing restrictions in this court. *See Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008) (noting our inherent authority to impose "comprehensive filing restrictions on litigants who have repeatedly abused the appellate process").

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge