FILED
United States Court of Appeals
Tenth Circuit

September 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

BRUCE DEREK SPRING,

　　Defendant-Appellant.

No. 15-4058
(D.C. No. 2:93-CR-00215-DS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

Bruce Spring filed a petition seeking a writ of audita querela to undo his federal sentence. The district court denied relief and so the case now comes to us.

The ancient common law writ of audita querela permitted a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990) (internal quotation marks omitted).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

For the purpose of resolving this appeal, we may assume without deciding that this writ remains available to some petitioners as a form of relief, though this assumption is by no means obviously correct. *See United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002); Fed. R. Civ. P. 60(e) ("The following are abolished: . . . writs of . . . audita querela."). Because even operating on this generous assumption, Mr. Spring faces a problem: for it has long been settled that, whatever else might be said about it, "a writ of audita querela is not available to a petitioner when other remedies exist." *Torres*, 282 F.3d at 1245 (internal quotation mark omitted). And other remedies surely exist for Mr. Spring to challenge the legality of his federal sentence.

Congress has expressly provided 28 U.S.C. § 2255 for just this task. In fact, Congress has specified that § 2255 supplies the exclusive means for collaterally testing a federal conviction and sentence unless that statute's procedures are "inadequate or ineffective" for that purpose. 28 U.S.C. § 2255(e); *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). Mr. Spring has not sought to show that § 2255's procedures are inadequate or ineffective to test the legality of his detention so by necessity he hasn't established the case for resorting to the writ he seeks. Neither can we imagine any argument for him that might succeed where he hasn't tried. It isn't the case, for example, that a § 2255 motion is inadequate or ineffective simply because a petitioner (like Mr. Spring here) has previously failed to win such a motion or might face an uphill battle

when trying to pursue a second or successive such effort. *See* 28 U.S.C. § 2255(h). This court has repeatedly explained that "the remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011); *United States v. Guerrero*, 415 F. App'x 858, 859 (10th Cir. 2011).

The judgment of the district court is affirmed. Mr. Spring's motion to proceed in forma pauperis is denied, and he is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge