**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY C. KENNEY,

    Plaintiff - Appellant,

v.

SSA ODAR HEARING; CHRISTOPHER
HUNT, Judge; APPEAL COUNCIL
OFFICE OF DISABILITY
ADJUDICATION AND REVIEW;
OKLAHOMA SOCIAL SECURITY
OFFICE COMMISSION; SOCIAL
SECURITY ADMINISTRATION;
MARTHA LAMBIE, Commissioner,

    Defendants.

No. 15-6229
(D.C. No. 5:15-CV-00931-W)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Anthony C. Kenney appeals pro se the district court's dismissal of his

complaint against the Social Security Administration.  He has filed an application

under 28 U.S.C. § 1915 to proceed in forma pauperis (IFP) in this appeal.  Exercising

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we deny his application to proceed IFP and dismiss his appeal as frivolous. We also impose appellate filing restrictions on Mr. Kenney.

I. Background

Mr. Kenney, proceeding pro se, filed a complaint seeking review of an unfavorable decision of the Commissioner of the Social Security Administration. A magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that venue was not proper in the Western District of Oklahoma. The magistrate judge further determined that it was not in the interest of justice to transfer the action to the proper venue in the Northern District of Oklahoma, noting that Mr. Kenney is subject to filing restrictions in that court and must comply with detailed requirements when submitting a proposed pro se filing. He therefore recommended dismissal of the complaint without prejudice. Mr. Kenney objected to the recommendation, but the district court agreed with the proposed disposition and entered judgment dismissing the action without prejudice. Mr. Kenney then filed the instant appeal and motion to proceed IFP.

II. Discussion

We have authority to deny an IFP application and dismiss a frivolous appeal, without reaching the merits, when the appellant seeks to proceed IFP. *See Hunt v. Downing*, 112 F.3d 452, 453 (10th Cir. 1997). Under 28 U.S.C. § 1915(e)(2)(B)(i), a "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." "An appeal is frivolous when the result is obvious, or the

2

appellant's arguments of error are wholly without merit." *Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993) (internal quotation marks omitted).

Although "we liberally construe [an appellant's] pro se filings, we will not assume the role of advocate and make his arguments for him." *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013) (internal quotation marks omitted). Even affording Mr. Kenney's brief a liberal construction, we can discern no argument as to how the district court erred in concluding that venue was improper in the Western District. Nor can we identify any non-frivolous argument in favor of reversing that decision. We therefore deny Mr. Kenney's application to proceed IFP and dismiss his appeal. *See Hunt*, 112 F.3d at 453.

The Northern District of Oklahoma has imposed filing restrictions on Mr. Kenney due to his history of filing frivolous lawsuits. Mr. Kenney is a frequent-filer in this court as well. In *Kenney v. Oklahoma*, 601 F. App'x 761, 761 (10th Cir. 2015), we noted that Mr. Kenney has filed more than twenty appeals in this court. In that decision, we also put Mr. Kenney on notice that "any future frivolous, malicious, or abusive filings will put him at the risk of sanctions, including possible filing restrictions in this court." *Id.*

Mr. Kenney has not heeded our warning. We therefore conclude that Mr. Kenney's history of filing frivolous appeals justifies imposing restrictions upon him with respect to further pro se filings in this court. *See Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) ("Federal courts have the inherent power to regulate the

3

activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." (internal quotation marks omitted)).

We hereby enjoin Mr. Kenney from proceeding as a petitioner or appellant in this court unless either (1) he is represented by a licensed attorney admitted to practice in this court, or (2) he first obtains permission to proceed pro se. To proceed pro se, Mr. Kenney must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se action, which includes a list of all actions currently pending or filed previously with this court or any other federal circuit court or district court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the petition or appeal; and

2. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted for modifying the underlying decision of the district court or administrative agency, and describing with particularity the order being challenged. The affidavit also must certify, to the best of the Mr. Kenney's knowledge, that (1) the legal arguments being raised are not frivolous or made in bad faith; (2) they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (3) the petition or appeal is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation; and (4) he will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge or his or her designee for review to determine whether to permit an appeal. Without that approval, the matter will be dismissed. If the Chief Judge or his or her designee approves the filing, an order shall be entered indicating that the petition or appeal shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Mr. Kenney shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed filing restrictions. If he does not file objections, the filing restrictions shall take effect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If Mr. Kenney does file timely objections, these filing restrictions shall not take effect until after this court has ruled on the objections.

We deny Mr. Kenney's application to proceed IFP and dismiss his appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge