**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM LEE LORNES,

      Plaintiff - Appellant,

v.

ATTORNEY REGULATION
COUNSEL; HILLEREY CLITON
FOUNDATION - JANDOW; OLSIN,
CSP Corrections; PIPER STEVEN
HAGER, Limon Corrections;
LEUGERICH/ARCHULETA,
Bunavista Corrections; JUDICEL
COMMISSION DISSIPLAN;
COMMISSION JUDICEL
DISSIPLAN,

      Defendants - Appellees.

———————————————————

WILLIAM LEE LORNES,

      Plaintiff - Appellant,

v.

NO NAMED PARTY,

      Defendant - Appellee.

No. 17-1098
(D.C. No. 1:16-CV-02835-LTB)
(D. Colo.)

No. 17-1209
(D.C. No. 1:17-CV-01240-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

      [*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R.

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

Pro se[1] prisoner William Lee Lornes appeals from the district court's dismissal of two of his cases. He also seeks *in forma pauperis* ("IFP") status in each appeal. The district court dismissed both cases after finding that Mr. Lornes was subject to filing restrictions and had not taken the steps required of him in order to file an action in the district court in either case.

Exercising jurisdiction under 28 U.S.C. § 1291,[2] we conclude that Mr. Lornes's two appeals are frivolous and should be **dismissed**. We also **deny** him IFP status as to both appeals.

## I

At all relevant times, Mr. Lornes has been a prisoner in the custody of the

---

34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

[1] We construe the filings of a pro se litigant liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but our role is not to serve as his advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

[2] We consolidate these appeals for the sole purpose of this order and judgment. *See United States v. Guerrero*, 415 F. App'x 858, 858 (10th Cir. 2011) (unpublished); *Greater Callecita Neighborhood Ass'n v. Hyde Park Co.*, 15 F. App'x 761, 761 (10th Cir. 2001) (unpublished).

Colorado Department of Corrections. He has filed at least thirty-four lawsuits in the District of Colorado since 2012; he has failed to pursue any of them in a proper manner, and the district court accordingly dismissed them all, including the two at bar. *See Lornes v. Hernandez*, Dist. Ct. No. 1:14-CV-01294-LTB, Doc. 36, at 5–7 (Order Imposing Filing Restrictions, dated Aug. 12, 2014) (unpublished) (detailing Mr. Lornes's history of failure to prosecute his cases). After reviewing thirty-two of those cases, the *Hernandez* court determined that Mr. Lornes should not be permitted to proceed pro se in litigation in the District of Colorado. Consequently, the court ordered that he be restricted from filing any further pro se actions in the district unless he took the following steps:

1. File with the clerk of [the District Court of Colorado] a motion requesting leave to file a pro se action.

2. Include in the motion requesting leave to file a pro se action the following information:

   A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

   B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and the docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed in the pro se action.

*Id.* at 10.

On November 18, 2016, Mr. Lornes filed a civil rights complaint in the District of Colorado against the Attorney Regulation Counsel and a variety of other parties. The district court dismissed Mr. Lornes's action once it came to the court's attention that *Hernandez* had imposed filing restrictions on Mr. Lornes and he had not complied with the enumerated filing steps in the case before it. The court denied Mr. Lornes IFP status on appeal and certified that any appeal from its order would not be taken in good faith. Mr. Lornes's appeal from the court's dismissal in this matter is our Case No. 17-1098.

On May 22, 2017, Mr. Lornes initiated another action via a letter against no specifically named defendant. Two days later, the district court dismissed the action because Mr. Lornes did not comply with the *Hernandez* filing restrictions. The court again certified that any appeal would not be taken in good faith and denied Mr. Lornes IFP status for the purposes of appeal. Mr. Lornes's appeal from the court's dismissal in this matter is our Case No. 17-1209.

**II**

Ordinarily, "[w]e review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *accord Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 800 (10th Cir. 2012)

4

(unpublished) ("Thus, after a thorough review of the record, we cannot say that the district court's application of the filing restrictions—in dismissing Mr. Stine's complaint without prejudice—in this case resulted in inequity, or that it otherwise constitutes an abuse of discretion.").

However, under 28 U.S.C. § 1915(e)(2)(B), a "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."  "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'"  *Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987)).

We conclude that Mr. Lornes's two pro se appeals are frivolous.  Even construing Mr. Lornes's pro se appeal briefs[3] liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), they do not reveal a cognizable claim of error by the district court in dismissing his actions.  Instead, they consist of seemingly stream-of-consciousness allegations and statements regarding unrelated entities and matters, such as the purported Hillary Clinton email scandal and an unknown bankruptcy.  Indeed, Mr. Lornes's briefing makes no effort to dispute the propriety of the district court's dismissal of his cases.  And, based on our review of his briefs and the record, we discern no non-frivolous argument that

---

[3]     On October 2, 2017, Mr. Lornes filed another brief purportedly related to the No. 17-1209 matter.  Although this brief does not conform with our court's rules, we nevertheless consider the filing as supplemental briefing.

5

militates in favor of reversal.

Accordingly, we conclude that Mr. Lornes's two appeals are frivolous and should be dismissed. *See Greenlee v. U.S. Postal Serv.*, 351 F. App'x 263, 265 (10th Cir. 2009) (unpublished) (denying IFP status and dismissing appeal where petitioner "present[ed] no argument of error in the district court's conclusion that he failed to comply with the restrictions in filing his October 2008 complaint"); *see also Kenney v. SSA ODAR Hearing*, 640 F. App'x 803, 805 (10th Cir. 2016) (unpublished) ("Even affording Mr. Kenney's brief a liberal construction, we can discern no argument as to how the district court erred in concluding that venue was improper in the Western District. Nor can we identify any non-frivolous argument in favor of reversing that decision. We therefore deny Mr. Kenney's application to proceed IFP and dismiss his appeal."); *Pinson v. Berkebile*, 601 F. App'x 611, 617 (10th Cir. 2015) (unpublished) ("[W]e, like the district judge, have reviewed the filing restrictions imposed in both cases, and find nothing contradictory. Pinson has identified no area of confusion or contradiction; rather, his argument consists of mere conclusory allegations which are insufficient to warrant appellate review."); *cf. Maske v. Murphy*, 365 F. App'x 938, 940 (10th Cir. 2010) (unpublished) ("Maske fails to make a substantial showing of the denial of a constitutional right, and he does not even address the procedural grounds on which the district court dismissed his case, which were that Maske failed to comply with the filing requirements the district court had placed upon

him.").

## III

A federal court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees" under the IFP statute. 28 U.S.C. § 1915(a)(1). IFP status ensures "equal treatment for every litigant before the bar." *Coppedge v. United States*, 369 U.S. 438, 447 (1962). However, "[l]eave to proceed without prepayment of fees and costs is a privilege, not a right." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). Because Mr. Lornes has not advanced a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (unpublished) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)), we deny him IFP status and remind him of his duty to pay both filing fees in full.

## IV

Based on the foregoing, we **DENY** Mr. Lornes IFP status as to both appeals—Nos. 17-1098 and 17-1209—and **DISMISS** the two appeals as frivolous.

Entered for the Court


JEROME A. HOLMES
Circuit Judge

7