**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

HOLLI LUNDAHL,

        Plaintiff - Appellee

v.

ELLAM HALABI,

        Defendant - Appellant,

and

ELI LILLY & COMPANY,

        Defendant - Appellee,

and

MICHAEL JOHNSON; SNELL &
WILMER; CHERYL SCHROCK;
US BANK; DONALD HALBERG;
FORTUNE MAGAZINE; KAI
FALKENBURG; AOL INC.; JEFF
SEMRAD; DOES 1-10 INCLUSIVE,

        Defendants.

No. 14-8000
(D.C. No. 2:13-CV-00241-SWS)
(D. Wyo.)

HOLLI LUNDAHL,

        Plaintiff - Appellant,

v.

ELLAM HALABI; ELI LILLY &
COMPANY; MICHAEL JOHNSON;
SNELL & WILMER; CHERYL
SCHROCK; US BANK; DONALD

No. 14-8002
(D.C. No. 2:13-CV-00241-SWS)
(D. Wyo.)

HALBERG; FORTUNE MAGAZINE;
KAI FALKENBURG; AOL INC.; JEFF
SEMRAD; DOES 1-10
INCLUSIVE,

   Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **McHUGH**, **McKAY**, and **O'BRIEN**, Circuit Judges.

  Plaintiff Holli Lundahl filed a lawsuit in Wyoming that was removed to federal court. The district court scheduled a hearing to resolve disputed issues as to whether it had diversity jurisdiction, including whether Ms. Lundahl had fraudulently joined a fictitious defendant, Ms. Ellam Halabi, to prevent removal. Ms. Lundahl unilaterally dismissed her case ninety minutes before that hearing. In No. 14-8000, Ms. Halabi, proceeding pro se, appeals a criminal contempt order and bench warrant issued for her failure to attend that hearing and the subsequent hearing scheduled for her to show cause why she should not be held in contempt. In No. 14-8002, Ms. Lundahl,

---

[*]  After examining the briefs and shared appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceeding pro se,[1] appeals the district court's order imposing monetary sanctions and filing restrictions on her.

Because both Ms. Halabi and Ms. Lundahl appear pro se, we construe their filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (discussing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). But this court will not act as a pro se litigant's advocate. *Id*. at 1110. "Thus, although we make some allowances for 'the pro se plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [or her] poor syntax and sentence construction,' . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets omitted) (quoting *Hall*, 935 F.2d at 1110). We exercise jurisdiction in both appeals under 28 U.S.C. § 1291 and affirm.

## Background

Ms. Lundahl filed a pro se complaint in Wyoming state court in January 2013 against Eli Lilly and Company ("Lilly") and its attorney Cheryl Schrock (together, the "Lilly Defendants"), as well as the attorneys who represented Lilly in connection with Ms. Lundahl's prior bankruptcy proceedings, Snell and Wilmer and Michael Johnson, (the "Snell Defendants"). Ms. Lundahl alleged the Lilly and Snell

---

[1] Ms. Lundahl is under filing restrictions, as described in *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963, at *3-4 (10th Cir. June 8, 2005). This court granted her permission to proceed pro se in this case by order issued February 5, 2014.

Defendants violated her state constitutional rights and conspired with federal judges to abuse the civil process in order to defeat her legal claims against Lilly, which are fairly described as a campaign of frivolous litigation that Ms. Lundahl has waged against Lilly for over twenty years. *See* R. Vol. 1, at 772 (listing the lawsuits she has filed against Lilly since 2005); *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963, at *2-3 (10th Cir. June 8, 2005) (describing her frivolous litigation against Lilly prior to 2005). The Lilly and Snell Defendants filed motions to dismiss in state court. In response, Ms. Lundahl filed a demand that the Wyoming state court enter a declaratory decree that a 2003 Bankruptcy Court judgment against her be declared void and set aside. Ms. Lundahl's complaint also alleged that Ms. Halabi published unspecified internet articles placing her in a false light.

Removal. Based on Ms. Lundahl's demand that the 2003 Bankruptcy Court order be vacated, the Lilly Defendants filed a notice of removal based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). The next day they supplemented their notice to add diversity of citizenship as a ground for removal, *see id*. §§ 1332, 1441, stating there was no evidence Ms. Lundahl ever served the sole Wyoming defendant, Ms. Halabi. The Snell Defendants consented to removal; Ms. Halabi did not. Instead, Ms. Halabi filed a declaration in which she claimed she had been served and that complete diversity did not exist because both she and Ms. Lundahl were Wyoming residents.

The district court made a preliminary assessment that it did not have federal question jurisdiction and, as to its diversity jurisdiction, found that there were disputed fact issues related to residency and service of process. It set a hearing for November 22, 2013, and ordered both Ms. Lundahl and Ms. Halabi to appear in person. Ms. Lundahl filed a motion demanding the district court recuse and vacate the November 22 hearing. Ms. Halabi also moved to vacate the November 22 hearing, saying she was unavailable. The district court denied both motions.

The district court again ordered both Ms. Lundahl and Ms. Halabi to appear at the November 22 hearing, stating it suspected that Ms. Halabi "[did] not exist separately from Holli Lundahl" and had been fraudulently joined by Ms. Lundahl to defeat diversity and forestall removal. R. Vol. 1, at 349-50. Fraudulently joined defendants need not be considered for the purposes of determining complete diversity. *See Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) ("[F]ederal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal."); *Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013). The court gave several reasons why it suspected Ms. Lundahl had fraudulently joined Ms. Halabi: (1) Ms. Halabi's pleadings in the case put forth arguments that favored Ms. Lundahl's positions, but were contrary to her own interests and those of the other defendants; (2) Ms. Halabi's filings bore a noticeable similarity in formatting to Ms. Lundahl's filings, which used a very distinctive format; (3) there was no record

Ms. Halabi was actually served; (4) Ms. Halabi's motion requesting the November 22 hearing be rescheduled stated she was "presently" in Oklahoma, yet was postmarked from Wyoming; and (5) Ms. Lundahl had a history, noted by many courts, of perpetrating fraud on the court, including using aliases and falsifying documents. R. Vol. 1, at 346-50 & n.1. The court warned Ms. Halabi and Ms. Lundahl that the failure of either to appear at the November 22 hearing could result in a finding of contempt and/or issuance of an arrest warrant. *Id.* at 350.

November 22 Hearing. Ninety minutes before the November 22 hearing, Ms. Lundahl dismissed her case by filing a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Her stated reason for dismissing the case was that the district court had fabricated false criminal charges against her and refused to recuse. The court opened the hearing by noting it had just seen Ms. Lundahl's notice of dismissal, but had two concerns: first, it thought it could entertain the dismissal only if it first determined it had subject-matter jurisdiction over the case; and, second, it thought the dismissal required defendants' stipulation. The Lilly Defendants told the court they also thought Ms. Lundahl might need their stipulation to dismiss because they had responded to her complaint with motions to dismiss.[2] Ms. Lundahl argued

---

[2] They argued:

[Counsel for Defendants]: Your honor, I was handed this document at 12:30 when I arrived at the courthouse. I obviously have not had a chance to consult with my client regarding their position as to a stipulation on dismissal. Certainly we have responded by filing a lengthy motion to dismiss in the state court and would view that as a

(continued)

that her notice of dismissal was self-executing and that neither the court's authorization nor the defendants' stipulation was needed to dismiss the case. The court took this matter under advisement, though as discussed below, Ms. Lundahl was correct that her notice of dismissal was self-executing.

Ms. Halabi failed to appear at the November 22 hearing, as ordered. The court issued a show cause order for Ms. Halabi to explain why she should not be held in contempt for her failure to comply with its orders, and it set a hearing on this issue for December 23.[3] The court heard evidence from the parties who were present on the issues relating to diversity jurisdiction, then took the matters under advisement.

December 23 Hearing and Sanction Orders. Ms. Halabi did not appear at the December 23 hearing. One hour before the hearing, she filed a declaration stating she refused to appear at the hearing because the district court lacked subject-matter jurisdiction over the case. The court ruled that Ms. Halabi was in direct criminal

---

        responsive pleading under rules such that a stipulation would be required; but again, I'm not in a position today to state my client's positions since I just received the motion.

R. Vol. 3, at 11.

[3]    On December 4, Ms. Lundahl filed a motion asking the district court to stay the proceedings and certify its rulings for appeal, stating she would not comply with any further district court orders because her voluntary dismissal ended the court's jurisdiction over the case. The court denied her motion, stating that it had "not yet ruled on the questions of jurisdiction, removal, and dismissal," and that the December 23 hearing would proceed as scheduled. R. Vol. 1, at 541. She also filed petitions for writs of prohibition and mandamus in this court, seeking an order directing the district court to stop the proceeding. This court denied the petitions because Ms. Lundahl failed to meet the pre-filing conditions this court has imposed on her. *In re Lundahl*, No. 13-8096 (10th Cir. Dec. 19, 2013).

contempt of its orders. It found she had been given notice of the orders to attend both hearings, had willfully refused to comply, and lacked any legal basis for her non-compliance. R. Doc. 70, (Tr. Dec. 23 Hr'g), at 2-3.[4] The district court issued a bench warrant and sentenced Ms. Halabi to three days' incarceration for her criminal contempt.

The court also ruled it was granting Ms. Lundahl's Rule 41 dismissal effective as of November 22, 2013. In this regard, the district court was in error. Prior to the filing of an answer or motion for summary judgment, neither of which had been filed here, "a plaintiff has an absolute right to dismiss without prejudice [under Rule 41(a)(1)(A)(i)] and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). The dismissal "is effective at the moment the notice is filed with the clerk," and an order granting dismissal is "superfluous, a nullity, and without procedural effect." *Id.* (internal quotation marks omitted). A joint stipulation is required under Rule 41(a)(1)(A)(ii) only when the defendants have filed an answer or a motion for summary judgment. The motions to dismiss filed by the Lilly and Snell Defendants did not preclude Ms. Lundahl's unilateral dismissal of the case. *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (noting the

---

[4]     The transcript of the December 23, 2013, hearing was filed in the district court on May 5, 2014, after the principle volumes of the shared record on appeal were filed. The transcript is part of the record on appeal pursuant to 10th Cir. R. 11.2(A) ("In a pro se appeal . . . the district court clerk must forward the record to the circuit clerk. . . . The record must include any transcript that has been filed for the appeal.").

plaintiff could unilaterally dismiss case under Rule 41(a)(1)(A)(i) because defendant had filed a motion to dismiss, not an answer or a motion for summary judgment).

The district court then noted that, while it no longer had jurisdiction over the merits of the case, it had not lost jurisdiction over the conduct of the litigants. The court found that Ms. Lundahl had filed her Rule 41 dismissal at the last minute for an improper purpose, causing unnecessary expense to counsel, who had to travel many miles to the hearing. The court imposed a monetary sanction of $1,500 against Ms. Lundahl to defray counsel's expense. After the December 23 hearing the district court imposed filing restrictions on Ms. Lundahl, finding she had engaged in abusive and vexatious conduct during the proceedings before it and had an extensive and ongoing history of filing abusive and frivolous litigation.

### No. 14-8000

Ms. Halabi appeals the district court criminal contempt order against her.[5] Federal courts have authority to punish disobedience of their lawful orders by fine or imprisonment. 18 U.S.C. § 401(3). "We review a finding of contempt for an abuse of discretion. To be held in contempt, a court must find the party violated a specific and definite court order and the party had notice of the order." *Lucre Mgmt. Grp.,*

---

[5]     Ms. Lundahl's March 27, 2014, "Notice of Joinder" in Ms. Halabi's brief, construed as a motion to join Ms. Halabi's brief, is denied. Ms. Lundahl lacks Article III standing to join in Ms. Halabi's brief in this appeal because Ms. Lundahl is not "aggrieved by the order from which appeal is taken." *United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012) (internal quotation marks omitted).

*LLC v. Schempp Real Estate, LLC (In re Lucre Mgmt. Grp., LLC)*, 365 F.3d 874, 875 (10th Cir. 2004) (citation and internal quotation marks omitted).

Ms. Halabi argues that the district court lacked any jurisdiction to impose the criminal contempt because it lacked subject-matter jurisdiction over the case. She argues there were numerous alleged defects in the notice of removal, the court lacked federal-question or diversity removal jurisdiction, and it lost any authority to order her to appear at the November 22 and December 23 hearing immediately upon the filing of Ms. Lundahl's Rule 41(a) dismissal.[6] It is her position that the court lacked any jurisdiction to hold either the November 22 hearing or the December 23 hearing once the Rule 41(a) dismissal was filed with the clerk of court and that all of the orders it issued after that are void, including its criminal contempt order against her. These arguments are without merit; the court had adjudicatory jurisdiction to decide the removal issues and jurisdiction over collateral, non-merits issues relating to potential abuse of the judicial process.

---

[6] She argues (1) the notice of removal was untimely; (2) the notice of removal was defective because defendants did not sign it; (3) Lilly violated the affirmative preclusion defense rule when it based removal on Ms. Lundahl's request to void the 2003 Bankruptcy Court judgment; (4) the district court did not have power to reach the issue of diversity jurisdiction in light of the facially defective notice of removal and the Rule 41(a) dismissal; (5) the district court did not give her sufficient notice of the November 22 hearing or opportunity to appear and defend; (6) the district court lacked jurisdiction to order her to appear on December 23 because the diversity issue was moot and the notice of removal defects had not been corrected; and (7) the contempt order is void because the district court lacked subject-matter jurisdiction over the case.

Adjudicatory Jurisdiction.  The district court had adjudicatory jurisdiction to determine whether, as Ms. Halabi contends, there were defects in the notice of removal and whether it properly had federal-question or diversity jurisdiction.  Upon removal, the district court "instantly acquired the threshold jurisdiction to decide whether it had the power to exercise jurisdiction over the action."  *Okla. ex rel. Okla. Tax Comm'n v. Graham*, 822 F.2d 951, 955 (10th Cir. 1987), *vacated on other grounds*, 484 U.S. 973 (1987); *see also Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093 (10th Cir. 2005) (holding that "federal courts always have jurisdiction to consider their own jurisdiction" even though the court may ultimately decide it lacks jurisdiction.)  "This jurisdiction to determine jurisdiction is not defeated by a subsequent determination that a court does not have subject matter jurisdiction over the issues in controversy."  *Graham*, 822 F.3d at 955.  Thus, even if the district court lacked subject-matter jurisdiction over the case, it and it "alone could decide that such was the law.  It and it alone necessarily had jurisdiction to decide whether the case was properly before it.  On that question at least, it was its duty to permit argument, and to take the time required for such consideration as it might need."  *United States v. Shipp*, 203 U.S. 563, 573 (1906).

Ms. Halabi argues the court lost even that adjudicatory jurisdiction, however, the instant Ms. Lundahl filed her Rule 41 dismissal.  The district court was incorrect in initially concluding there were issues it needed to adjudicate with respect to Ms. Lundahl's Rule 41(a) dismissal.  But "[a] court does not usurp its power when it

erroneously exercises jurisdiction." *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000). "Since federal courts have jurisdiction to determine jurisdiction, that is, power to interpret the language of the jurisdictional instrument and its application to an issue by the court, error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction." *Id.* (internal quotation marks omitted).

There was not such a total want of jurisdiction here to conclude that the district court was powerless to hold the November 22 and December 23 hearings. *See id.* at 1346 (to find a total want of jurisdiction "[t]here must be no arguable basis on which the court could have rested a finding that it had jurisdiction" (alteration and internal quotation marks omitted)). There were genuine factual disputes regarding joinder of a fraudulent defendant, residency, and service of process relating to diversity jurisdiction. Further, because Ms. Lundahl waited until the last minute to file her Rule 41 dismissal, neither the district court nor counsel for the Lilly and Snell Defendants had time to research whether, under the facts of this case, their consent to dismissal was needed.

Moreover, Ms. Halabi was not free to decide on her own that the court lacked jurisdiction to order her to appear at its hearings. It is well settled that while a court is deciding whether it has jurisdiction, it has the authority to issue orders to preserve the status quo, and such order "must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States v. United Mine Workers*, 330 U.S.

- 12 -

258, 293 (1947); *GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375, 386 (1980) (holding that persons subject to a court order "are expected to obey that [order] until it is modified or reversed, even if they have proper grounds to object to the order"). It is a basic proposition that all orders and judgments of courts must be obeyed "however erroneous the action of the court may be," until the order "is reversed by orderly review, either by itself or by a higher court" and that "disobedience of them is contempt of [the court's] lawful authority, to be punished." *Howat v. Kansas*, 258 U.S. 181, 189-90 (1922). "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). "Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Id.*

Inherent Authority over Sanctionable Conduct. Even when a court lacks subject-matter jurisdiction over the substantive merits of a case, it retains the inherent authority to issue orders on matters collateral to the merits and to conduct sanction proceedings and to impose any sanction for abusive conduct for which sanctions are authorized by the federal rules of procedure or federal statutes, including awarding costs or attorney fees, imposing punishment for criminal contempt, and issuing sanctions under Rule 11. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990); *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992) (holding district court

- 13 -

may impose sanctions for conduct that occurred during a proceeding in which the court lacked subject matter jurisdiction). "[I]t is firmly established that the power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (alteration and internal quotation marks omitted). "This power reaches both conduct before the court and that beyond the court's confines, for the underlying concern that [gives] rise to the contempt power [is] not merely the disruption of court proceedings [but] disobedience to the orders of the Judiciary." *Id.* (alterations and internal quotation marks omitted).

The Supreme Court has specifically rejected the argument advanced by Ms. Halabi that the Rule 41(a) dismissal deprived the district court of jurisdiction to hold the November and December hearings and to issue the contempt order for her failure to attend. *See Cooter & Gell*, 496 U.S. at 395-98 (holding that voluntary dismissal of a lawsuit does not deprive the district court of jurisdiction to impose sanctions); *Mine Workers*, 330 U.S. at 293 (upholding a criminal contempt order for failing to comply with a court order, though the court lacked jurisdiction over the merits at the time it issued the order). "[N]othing in the language of Rule 41(a)(1)[(A)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal." *Cooter & Gell*, 496 U.S. at 395. A court has jurisdiction to hold a party in criminal contempt, even though it does not have subject matter jurisdiction over the underlying lawsuit, "because the court retains an interest in parties' obedience to its authority." *United States v.*

- 14 -

*Straub*, 508 U.S. 1003, 1009 (11th Cir. 2007) ("[T]the adjudication of a charge of criminal contempt does not require an assessment of the legal merits of the underlying controversy, so the court that hears the criminal contempt charge does not adjudicate a controversy over which it lacks jurisdiction.").

The district court orders being challenged here all relate to matters collateral to the merits. The purpose of the November 22 hearing that the court ordered Ms. Halabi to attend related to whether she and Ms. Lundahl had abused the judicial process by creating a fictitious defendant. The December 23 hearing followed from Ms. Halabi's failure to attend the first hearing and its purpose was to determine if she should be held in contempt as a result. In short, Ms. Halabi was obligated to comply with the court's order to appear at the November 22 and December 23 hearings, and the district court had jurisdiction and the inherent authority to punish her criminal contempt for willfully refusing to do so.

Ms. Halabi also argues the district court did not give her sufficient notice of the November 22 hearing, nor give her a reasonable opportunity to appear and defend. This is easily disposed of. Ms. Halabi demonstrated that she was notified of her obligation to attend the November 22 hearing when she moved to reschedule it and her motion was denied, and she demonstrated that she was notified of her obligation to attend the December 23 hearing when she petitioned both the district court and this court to vacate that hearing. Quite clearly she was given an opportunity to appear and defend. Ms. Halabi demonstrated her willful failure to

comply with the court's order when she informed the district court she would not comply with its order to attend the December hearing. R. Vol. 1, at 547.

The record demonstrates that Ms. Halabi willfully and with notice violated the court's orders directing her to attend in person the November 22 and December 23 hearings. Accordingly, we lift the stay of enforcement of the criminal contempt order and bench warrant against Ms. Halabi, and affirm her conviction for criminal contempt.

## No. 14-8002

Ms. Lundahl appeals the district court's imposition of monetary sanctions and filing restrictions on her. We review a district court's imposition of sanctions for abuse of discretion. *Chambers*, 501 U.S. at 55. A court has the inherent power to sanction a party if it acts in "bad faith, vexatiously, wantonly, or for oppressive reasons," including "willful[ ] abuse [of the] judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (internal quotation marks omitted); *see also Chambers*, 501 U.S. at 47 (court's inherent power "extends to a full range of litigation abuses"). We also review the imposition of filing restrictions for an abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam). Federal courts have the inherent power to impose filing restrictions where "a party has engaged in a pattern of litigation activity which is manifestly abusive." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (internal quotation marks omitted). We affirm both orders.

As noted above, the district court imposed a monetary sanction against Ms. Lundahl at the December 23 hearing. It found that Ms. Lundahl inappropriately delayed filing her dismissal until only ninety minutes before the November 22 hearing, "resulting in unnecessary expenditure of time and resources for all involved." R. Vol. 1, at 837. It found that Ms. Lundahl dismissed the action to avoid having to establish the merits of her allegations. As a sanction to reimburse counsel for the Lilly and Snell Defendants for their travel to the hearing, which they stated was a five-hour drive from Jackson, Wyoming to the courthouse in Casper, the court assessed a $1500 sanction against Ms. Lundahl. It ordered her to pay the sanction to the court and directed the clerk of court to distribute it equally between counsel for the Lilly and Snell Defendants.

Lilly moved for filing restrictions to be imposed on Ms. Lundahl, and the court gave her an opportunity to respond, which she did. In January 2014, the district court entered an order imposing filing restrictions on Ms. Lundahl for her repeated abuse of the judicial process. The district court enjoined her from proceeding in any civil matter in the District of Wyoming unless she is represented by a licensed attorney or first obtains permission to proceed pro se. To obtain permission to proceed pro se, she must list all currently pending lawsuits and all outstanding orders limiting her access to federal court; and she must submit a notarized affidavit describing the issues she seeks to present and certifying that the legal arguments being raised do not violate Rule 11 standards, that she is not representing the interests of any others, and

- 17 -

that she will comply with all court orders.  R. Vol. 1, at 1333-35.  These restrictions

are nearly identical to the filing restrictions this court has imposed on Ms. Lundahl.

*See Johnson*, 2005 WL 1349963, at *3-4.

Jurisdiction to Issue Sanction and Filing Restriction Orders.  We first address

Ms. Lundahl's many objections to the sanction and filing restrictions that are based

on her mistaken premise—like Ms. Halabi's—that the monetary sanction and filing

restriction orders are void because the district court lacked subject-matter jurisdiction

over the underlying case.  Like Ms. Halabi, she argues the district court lacked even

colorable jurisdiction because of numerous defects in the removal notice, the court's

lack of subject-matter jurisdiction, its lack of personal jurisdiction over the Lilly and

Snell Defendants, and because the self-executing nature of her Rule 41 voluntary

dismissal.[7]  We briefly reiterate what we said at length in rejecting these same

arguments asserted by Ms. Halabi in appeal No. 14-8001.

---

[7]     As to both the monetary sanctions and the filing restrictions, Ms. Lundahl
argues that:  (1) the district court did not obtain removal jurisdiction because the
Lilly Defendants failed to obtain consent from all properly served and joined parties
and to plead a federal-question claim anywhere on the face of the notice; (2) the
district court did not have power to reach the issue of diversity jurisdiction in light of
the facially defective notice of removal and her Rule 41 notice of voluntary
dismissal; (3) the district court never obtained "fundamental jurisdiction" under
Article III over the removed state action given that personal jurisdiction was never
obtained over the Lilly and Snell Defendants at any time before she filed her notice
of voluntary dismissal; (4) the district court lost jurisdiction over the removed action
once it accused her of felony conduct for a fictitious address and name and then
attempted to conduct a bench trial on these felony charges; (5) the Lilly and Snell
Defendants lacked standing to seek Rule 11 sanctions against her because they never
acquired party status before she filed her notice of voluntary dismissal; (6) the Lilly

(continued)

Upon removal, the district court instantly acquired the adjudicatory jurisdiction to decide whether it had subject-matter jurisdiction over the case, *Graham*, 822 F.2d at 955, and it had the duty and prerogative to hold hearings, consider arguments, take matters under advisement, and otherwise "take the time required for such consideration as it might need" in order to make this determination," *Shipp*, 203 U.S. at 573. Because Ms. Lundahl filed her dismissal just prior to the hearing, the court reasonably proceeded with that hearing and, when counsel for Lilly argued its stipulation might be required, reasonably took that issue under advisement. Even if the court erred in continuing to consider the diversity-jurisdiction issues after Ms. Lundahl filed her Rule 41(a) notice of voluntary dismissal, "[a] court does not usurp its power when it erroneously exercises jurisdiction," *Gschwind*, 232 F.3d at 1346.

But more to the point, the district court's orders following the Rule 41(a) notice of voluntary dismissal did not relate to the merits of Ms. Lundahl's complaint; they involved only collateral matters related to whether she and Ms. Halabi had abused the judicial process or acted in contempt of the court's orders. A court may

and Snell Defendants lacked standing to seek an injunction order against her because that they never acquired party status before she filed her notice of voluntary dismissal and because they were never constitutionally injured by the unrelated pre-filing injunction orders; (7) the district court did not have jurisdiction under 28 U.S.C. § 1651 to enter filing restrictions against her because it failed to obtain jurisdiction over any independent federal-question claim in the underlying action and also failed to acquire personal jurisdiction over Lilly to enter a judgment in Lilly's favor; and (8) neither § 1651 nor Federal Rule of Civil Procedure 65(d) can be used to sustain initial orders or subsequent orders which are void ab initio.

award attorney fees, contempt sanctions, and Rule 11 sanctions after a Rule 41(a) voluntarily dismissal because those issues all involve the determination of a collateral issue: whether the litigant "has abused the judicial process, and if so, what sanction would be appropriate." *Cooter & Gell*, 496 U.S. at 396.

> Rule 41(a)(1) . . . allows one dismissal without prejudice. [It] does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers. The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction. . . . Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to stop, think and investigate more carefully before serving and filing papers.

*Id*. at 397-98 (internal quotation marks omitted).

We conclude the district court had the inherent authority to hold the November 22 and December 23 hearings, if only to determine whether Ms. Lundahl had fraudulently joined a fictitious defendant. We reject the claims raised by Ms. Lundahl challenging the imposition of monetary sanctions against her and affirm that order.

Filing Restrictions. Even when a court lacks jurisdiction to consider the merits of a case, it has jurisdiction to impose filing restrictions on a party for her conduct in that and other cases. *See Judd v. Univ. of N.M*., 204 F.3d 1041, 1044 (10th Cir.

- 20 -

2000). But in the absence of subject-matter jurisdiction, "we do not decide whether [the litigant's] arguments are frivolous or well taken" but more generally "whether the conduct of this litigant is abusive, as shown by, for example, a history of repetitive and meritless claims, or the pursuit of numerous facially inappropriate motions in [the present] proceeding." *Okon v. Comm'r*, 26 F.3d 1025, 1027 (10th Cir. 1994) (citation, alterations, and internal quotation marks omitted).

Ms. Lundahl challenges the filing restrictions as improperly supported and overly broad.[8] Filing restrictions are appropriate where "(1) the litigant's lengthy and abusive history" is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is instituted." *Ysais v.*

---

[8] Ms. Lundahl argues (1) even if the district court had jurisdiction to impose filing restrictions, they are improperly supported because the doctrine of res judicata and jurisdictional limitations barred the district court from basing a filing injunction on the eighty-five lawsuits she favorably prosecuted against Lilly's ACS Health Plan from 1991 to 1992; (2) the district court could not base its filing restrictions order on the thirty-eight cases removed and dismissed because Fed. R. Civ. P. 65(a)(2) requires a merits dismissal to support a filing restriction order; (3) the district court could not base its filing restrictions order on the 140 health care contract reimbursement/accounts receivable lawsuits which she brought against other health plans separate and apart from Lilly; (4) Lilly could not piggyback new filing restrictions in its favor upon previously entered (void) pre-filing injunction orders which did not name Lilly in the underlying complaints supporting those pre-filing restriction orders; (5) the filing restrictions are not void for broadness; and (6) neither the district court nor any other federal judge having a former affiliation with federal District Court Judge William Downes should be permitted to sit on any of the underlying claims.

*Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (internal quotation marks omitted).

Here, the district court gave Ms. Lundahl notice it was considering imposing filing restrictions and gave her an opportunity to be heard as to why she should not be subject to filing restrictions. The court summarized Ms. Lundahl's filing history in numerous courts and noted that the Supreme Court, the Tenth Circuit, the Ninth Circuit, the Utah Supreme Court, the District of Utah, the Western District of Texas, and the District of Idaho have all imposed filing restrictions on her. R. Vol. 1, at 1329-30. It noted that Ms. Lundahl has filed more than 100 cases against Lilly in various state and federal courts since 1991 and at least 140 cases that did not involve Lilly in other courts. *Id.* at 1331. It also found that Ms. Lundahl had engaged in abusive conduct in the case before it because her pleadings in the case had been "implausible [and] bizarre," and she ignored the court's December 30, 2013, order not to file any document other than a response to the request for filing restrictions or notice of appeal by filing a 300-page "Rule 60(b)(4)" motion asking the court to overturn the Tenth Circuit's filing restrictions on her. *Id.* at 1332.

The district court did not abuse its discretion in concluding that Ms. Lundahl's history of litigation establishes a sufficiently abusive pattern to merit filing restrictions. We also conclude that the restrictions crafted by the district court were sufficiently tailored. The restrictions apply only in the United States District Court for the District of Wyoming, *see Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344

(10th Cir. 2006); they are not excessively burdensome, because they allow Ms. Lundahl to file suit if she is represented by a licensed attorney; and they explain the steps that Ms. Lundahl must take if she does wish to proceed pro se, *see Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).

Recusal. To the extent Ms. Lundahl contends that the district court judge had an obligation to disqualify himself from this case, we find no abuse of discretion. *See United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Ms. Lundahl argued the district court judge must recuse because he served as the magistrate judge for District Court Judge William F. Downes, who presided over her criminal perjury proceedings. This is factually incorrect. The district court judge explained that he had not been the magistrate judge for those proceedings, which were held in the District of Utah with Judge Downes sitting by designation, not in the District of Wyoming. Judge Skavdahl stated he was not even aware of those proceedings until Ms. Lundahl became a litigant in his court. Ms. Lundahl's argument is based solely on the unfavorable judicial rulings of another federal judge, which "do not in themselves call into question the impartiality of [that] judge," *id.*, let alone another judge.

## Conclusion

In No. 14-8000, the stay of the criminal contempt order against, and bench warrant for, Ms. Halabi is lifted and the criminal contempt order and sentence are affirmed. Ms. Lundahl's motion to join Ms. Halabi's brief is denied. In

- 23 -

No. 14-8002, the December 30, 2013 order imposing a monetary sanction on Ms. Lundahl is affirmed, and the January 30, 2014 order imposing filing restrictions on Ms. Lundahl is affirmed. Appellant's motion to proceed *in forma pauperis* is granted.

Entered for the Court

Carolyn B. McHugh
Circuit Judge