FILED
United States Court of Appeals
Tenth Circuit

February 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEREMY PINSON,

      Petitioner - Appellant,

v.

DAVID BERKEBILE,

      Respondent - Appellee.

Nos. 14-1150 & 14-1225
(D.C. No. 1:12-CV-02673-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Jeremy Pinson likes to litigate. He is a frequent filer who often abuses the

availability of "The Great Writ." He brought this 28 U.S.C. § 2241 habeas petition

complaining of the rejection of numerous grievances he filed with the Bureau of

Prisons (BOP). The district judge dismissed the habeas petition. Pinson now appeals

from that dismissal (Appeal 14-1150) and also appeals from the imposition of filing

restrictions, imposed because of his abusive litigation history (Appeal 14-1225). In

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

both cases he wants to proceed on appeal without prepayment of filing and docketing fees (in forma pauperis - IFP). We deny his IFP requests and affirm both decisions.

## I.    APPEAL NO. 14-1150 – DISMISSAL OF § 2241 PETITION

A. Background

Pinson filed the underlying § 2241 habeas petition seeking relief based on 37 disciplinary convictions.[1] He claimed to be mentally ill and complained of the BOP's failure to conduct competency evaluations in the disciplinary proceedings. *See* 28 C.F.R. § 541.6. In an interim order dated March 18, 2013, the judge dismissed 14 of the 37 disciplinary grievances because they had been brought in other cases filed in Alabama and Colorado courts. Of the 23 remaining disciplinary grievances, three had been expunged and 16 had not been exhausted administratively, leaving four legitimate and ripe claims. The judge considered those four grievances but concluded a request for a competency evaluation was not included in the grievances. For those reasons, he denied the § 2241 habeas petition *in toto*. In an alternative ruling, he denied Pinson's mental competency claim on the merits.

----

[1]    Although neither the parties nor the district judge discussed the nature of the discipline meted out to Pinson, the record indicates good conduct time was withdrawn. Thus, the underlying action challenges the duration of Pinson's confinement and was properly brought under § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (holding a proper § 2241 petition "challenges the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." (internal quotation marks omitted)).

B. <u>Legal Framework</u>

"The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). But a "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Id.* In addition, "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). "When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Al-Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir.), *cert. denied*, 134 S. Ct. 295 (2013). We liberally construe Pinson's pro se filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

C. <u>Evidentiary Hearing</u>

Pinson contends the trial judge should have held an evidentiary hearing on his assertion of having filed a timely administrative appeal to the Central Office. He claimed to have submitted the appeal for mailing on August 30, 2011. The Central Office did not receive it until November 19, 2012, which was considerably out of time. Pinson asserted the delay was "[d]ue to a mailroom error," R. at 188, which the

judge rejected as "incredible and self-serving," *id.* at 254.[2] According to Pinson, he "could have presented testimony of witnesses to support his version of events." Aplt. Opening Br. at 6. But he has not identified any such witnesses or explained what their testimony would be. Under these circumstances, Pinson's claims could be resolved on the record. Refusing to conduct an unnecessary hearing is not an abuse of discretion. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (reviewing denial of evidentiary hearing for abuse of discretion; stating "an evidentiary hearing is unnecessary if the claim can be resolved on the record").

D. <u>Dismissal of Claims Brought In Other Proceedings</u>

With respect to the 14 grievances brought in other cases, Pinson argues he is not barred from reasserting them because § 2244(a) applies to challenges to a criminal judgment and not to prison disciplinary proceedings. He is wrong: § 2244(a) applies to § 2241 petitions (which are not the proper vehicle to challenge the underlying criminal judgment) brought by federal prisoners. *Stanko v. Davis*, 617 F.3d 1262, 1269-70 (10th Cir. 2010).

Pinson further argues that newly discovered evidence of his mental illness precluded application of § 2244(a) to dismiss these claims. Even if newly discovered evidence were relevant to his § 2241 claims, *see Stanko*, 617 F.3d at 1267 ("a

---

[2] The judge added an observation: even if Pinson had submitted the administrative appeal in August 2011, he delayed for an unreasonable period by waiting more than 13 months to file the underlying § 2241 petition.

prisoner challenging the administration of his sentence will not be relying on newly discovered evidence"), Pinson has not shown his mental illness is newly discovered, *see* Aplt. Opening Br. Attach. D (February 4, 2010, declaration by an Alabama prison clinical director referencing Pinson's *history* of psychiatric disorders). Pinson has failed to demonstrate error in the dismissal of the 14 grievances brought in other cases.

E. Dismissal of Unexhausted Claims

Next Pinson tells us the trial judge erroneously concluded he failed to exhaust 16 prison grievances. He contends he exhausted them by filing an administrative appeal to the Central Office. But the Central Office rejected this appeal because he submitted it to the wrong level, he did not first file a BP-9 request, and he attempted to appeal more than one grievance in the same filing. He was aware of, but failed to follow, the correct procedure, the trial judge concluded.

Pinson asserts error because the judge relied on his affidavit filed in a different case to establish his familiarity with the prison administrative remedy process. He argues his affidavit, dated May 20, 2011, predated final amendment of BOP regulations, citing 75 Fed. Reg. 34625. But the amended rule was effective on June 18, 2010. 75 Fed. Reg. 34625-01, 2010 WL 2423440 (June 18, 2010). Pinson further asserts the BOP program statements were also later revised and therefore he could not have known the correct procedure, but he has neither identified any program statements nor attempted to explain the relevance of any program statements.

Pinson next claims his appeals from Disciplinary Hearing Officer (DHO) decisions were improperly rejected because he attempted to bring several incident reports in a single appeal. He claims no rule precludes him from doing so, but 28 C.F.R. § 542.14(c)(2) provides, "[f]or DHO and UDC appeals, each separate incident report number must be appealed on a separate form."[3]

Pinson maintains the Central Office misled him by stating an incorrect reason for rejecting his appeal: he must first file a BP-9 request for the warden's review. R. at 195. The parties acknowledge a BP-9 filing was not required because this was an appeal from a DHO decision. However, in light of the other reasons the Central Office gave for rejecting the appeal and Pinson's familiarity with the regulations relevant to the administrative appeal process, the judge concluded the inclusion of this reason did not mislead Pinson or preclude him from filing the appropriate forms to perfect his appeal. We agree.

Pinson here raises three additional claims he failed to present to the district court. We deem them waived. *See Sierra v. INS*, 258 F.3d 1213, 1220 (10th Cir. 2001) (holding issue not included in habeas petition is deemed waived on appeal).

F. Dismissal of Exhausted Claims

In the four prison grievances the judge found to have been administratively exhausted, Pinson claims to have been improperly denied a staff representative and

---

[3]     The judge said he was willing to lie to the court about the prohibition on filing multiple requests. Pinson objects to this characterization, but whether he lied or not is beside the point.

the right to call witnesses at his administrative proceedings. He argues the grievances encompassed a claim of violating 28 C.F.R. § 541.6, which provides, "If it appears you are mentally ill at any stage of the discipline process, you will be examined by mental health staff." We agree with the district judge: there was "no basis for construing [Pinson's] claims for denial of witnesses and staff representatives . . . as including a claim for failing to conduct a mental evaluation." R. at 233.

Pinson claims a mentally ill inmate should not be required to "make a substantial showing" of his own mental illness to administratively exhaust such a claim. Aplt. Opening Br. at 13. But that is not the issue. He was only required to raise the issue in his grievances, which he failed to do. The mental competency claim was not exhausted.

As there was no error as to administrative exhaustion, we need not address the alternate holding denying Pinson's mental competency claim on the merits.

G. Denial of Appointed Counsel

Should counsel have been appointed for Pinson because he is mentally ill? He says yes, but that is not necessarily true. A judge may appoint counsel for a § 2241 petitioner if he "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where, as here, an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary). The record amply demonstrates

Pinson's grasp of the issues and his ability to present his case. There was no abuse of discretion in refusing to appoint counsel. *See id.* at 1122 ("The decision to appoint counsel is left to the sound discretion of the district court . . . .").

## II.     APPEAL NO. 14-1225 – FILING RESTRICTIONS

After denying Pinson relief on the merits, the judge proposed placing filing restrictions on him based on his abusive litigation history. Pinson and the BOP responded to the proposal. The judge then entered an order requiring Pinson to proffer specified documents and information, and receive court approval, when filing any future § 2241 actions addressing disciplinary proceedings. In addition, Pinson was restricted to filing one § 2241 case per month.

Filing restrictions were also ordered in another of Pinson's cases filed in the United States District Court for the District of Colorado. *Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB. Consequently, Pinson contends the restrictions imposed here were improper because both cases relied in part on his actions in this case as a basis for imposing restrictions, resulting in duplicative sanctions. In a related argument, he asserts he is unable to comply with both sets of filing restrictions. He also claims the perception that he filed successive applications was the result of sloppy record-keeping, not his intentional abuse of the system.[4]

---

[4]     For the first time on appeal, Pinson contends the filing restrictions (1) violated his First Amendment rights because they restricted his right of access to the courts, were not narrowly tailored, and did not provide "breathing space" or a "margin of error . . . for inadvertently false speech," Aplt. Br. at 7; (2) were overbroad and excessive; and (3) were issued in retaliation for a judicial complaint he allegedly

(continued)

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Filing restrictions "are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). We review the district judge's "imposition of filing restrictions for an abuse of discretion." *Lundahl v. Halabi*, 773 F.3d 1061, 1073 (10th Cir. 2014).

As this trial judge observed, Pinson had filed another case raising grievances he subsequently conceded were raised in this case. In *Kasdon*, the court discussed more than 40 other cases Pinson filed, noting many were filed under § 2241 and many were dismissed voluntarily, for failure to allege a due process violation, or for failure to exhaust administrative remedies. We find no abuse of discretion in the district judge's consideration of Pinson's other litigation. *See Lundahl*, 773 F.3d at 1075 (noting court may "impose filing restrictions on a party for her conduct in [the underlying action] and other cases"); *Judd v. Univ. of N.M.,* 204 F.3d 1041, 1044

---

filed against the district judge. These issues were not presented to the district court so they are waived. *See Landrith v. Schmidt*, 732 F.3d 1171, 1173 (10th Cir. 2013) (noting the requirement for "objections to the district court's proposed filing restrictions"), *cert. denied*, 134 S. Ct. 1037 (2014).

(10th Cir. 2000) (considering as grounds for filing restrictions litigation filed in other jurisdictions).

As to Pinson's claim of an inability to comply with both the filing restrictions imposed in this case and those imposed in *Kasdon*, we, like the district judge, have reviewed the filing restrictions imposed in both cases, and find nothing contradictory. Pinson has identified no area of confusion or contradiction; rather, his argument consists of mere conclusory allegations which are insufficient to warrant appellate review. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 (10th Cir. 2012) (declining to address conclusory statements (collecting cases)). Moreover, the district court's order provides the requisite "guidelines as to what [Pinson] must do to obtain the court's permission to file an action," *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 1037 (2014).

Pinson tells us his duplicitous filings were merely the result of sloppy record-keeping, not an intentional abuse of the system. But, as discussed above, the filing restrictions were not based on only one successive application. We applaud and affirm the imposition of filing restrictions.

III.    CONCLUSION

In appeal No. 14-1150, we affirm the dismissal of Pinson's § 2241 petition. In appeal No. 14-1225, we affirm the imposition of filing restrictions. In neither case has Pinson demonstrated an entitlement to relief from prepayment of filing and docketing fees. He has not offered "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole*

- 10 -

*Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted).

Since we reached the merits of his appeals the ***prepayment*** issue is moot, but full

payment of all fees is required. Pinson must pay all filing and docketing fees to the

Clerk of the District Court. Any unpaid amounts are immediately due.

Entered for the Court

Terrence L. O'Brien
Circuit Judge