**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID LAMONT MORGAN,

      Plaintiff - Appellant,

v.

JERRY L. TOMLINSON, Mayor of
Durant, Oklahoma; BRIAN CHAVEZ,
Detective; BROCK JONES, Sgt.;
DURANT DAILY DEMOCRAT
NEWSPAPER CO.,

      Defendants - Appellees,

and

BRYAN COUNTY, Durant, Oklahoma;
MANDA WELLS; JOHN HICKS,

      Defendants.

No. 14-7047
(D.C. No. 6:12-CV-00379-FHS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se plaintiff David Morgan appeals the district court's orders dismissing his claims against all defendants. Mr. Morgan brought suit under 42 U.S.C. § 1983 and Oklahoma state law, claiming damages arising from his arrest and jailing on child-abuse charges, and from publication of a newspaper article describing the arrest. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

In 2011, Mr. Morgan was arrested in Durant, Oklahoma pursuant to a warrant based on probable cause for child abuse. Criminal charges were filed against him. The local newspaper, the *Durant Daily Democrat*, published an article reporting Mr. Morgan's arrest and charges. Eventually, the criminal charges were dismissed. Mr. Morgan then filed suit against Jerry L. Tomlinson, the Mayor of Durant; Bryan County, Oklahoma; Brian Chavez and Brock Jones, the two police detectives involved in his arrest; the *Durant Daily Democrat* newspaper; Manda Wells, a witness to the alleged child abuse, and her boyfriend, John Hicks. Mr. Morgan asserted various claims against each defendant, including civil rights violations, slander, false arrest, false police report, kidnapping, mental abuse, spiritual abuse, emotional distress, punitive damages, acting under the color of law, false imprisonment, and violation of several constitutional amendments.

The district court granted the motions to dismiss filed by Mayor Tomlinson and Detectives Jones and Chavez for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The court held that it was undisputed that the arrest warrant was facially

valid, and a facially valid warrant is generally a complete defense to a § 1983 claim for false arrest or false imprisonment. The court also denied Mr. Morgan's subsequent motion to reconsider this ruling after allowing these defendants to file a response out of time.

After permitting the *Durant Daily Democrat* to respond out of time to Mr. Morgan's motion for default judgment, the district court denied the motion. The court then granted the newspaper's motion to dismiss for failure to state a claim, ruling that Mr. Morgan's complaint alleging the newspaper defamed him was time-barred as a matter of state law and, alternatively, that Mr. Morgan had failed to allege the elements of a claim for defamation.

The district court dismissed plaintiff's claims against Bryan County because this defendant was never served with the summons and complaint, despite the court's warnings to Mr. Morgan on January 8, 2014, and April 2, 2014, that if he did not effect service, Bryan County would be dismissed.[1] The court denied Mr. Morgan's two motions to reconsider the dismissal.

The district court dismissed Mr. Morgan's case against the two remaining defendants, Wells and Hicks, for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). These two defendants were served with the summons and complaint, but they did not file an answer. Nevertheless, Mr. Morgan failed to file a proper motion for

---

[1] Mr. Morgan argues on appeal that he never received the January 8 order. He does not dispute, however, that he received the April 2 order.

default judgment under Fed. R. Civ. P. 55(b)(2), despite having been given numerous opportunities to do so.

Mr. Morgan moved to recuse District Court Judge White, alleging that the judge discriminated against him because he is an African-American, and complaining that the judge had denied all of his motions. Judge White denied recusal, finding that Mr. Morgan had not pointed to any act or speech by the judge indicating any bias, prejudice, or the appearance of impropriety. In addition, the judge held that adverse rulings cannot alone provide grounds for disqualification.

Mr. Morgan appeals all of the dismissal orders, as well as the interim orders, asserting that he had served all defendants with the summons and complaint, the district court did not consider his evidence, he was denied a right to a fair hearing, and the district court's rulings were unjust and unfair. He also appeals the order denying his motion to recuse Judge White.

## II. Discussion

We liberally construe Mr. Morgan's pro se filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Morgan's opening brief borders on inadequate because his appellate arguments are presented without reference to legal authority or citation to the record for supporting facts. We may deem appellate issues waived if they are not

adequately briefed.  *Id.* at 841.  His arguments raised for the first time in the reply brief are waived.  *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived.").  Nevertheless, in the exercise of judicial discretion, we have reviewed the merits of Mr. Morgan's claims.  *See Garrett*, 425 F.3d at 840 (indicating that appellate court may have discretion to review issues raised in inadequate briefing).

We review de novo the district court's Rule 12(b)(6) dismissals.  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

We review for an abuse of discretion (1) the district court's dismissal for failure to prosecute, (2) its dismissal for failure of proper service, (3) its grant of leave to file documents out of time, (4) its denial of reconsideration, and (5) its order declining to recuse.  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d

1135, 1143 (10th Cir. 2007) (failure to prosecute); *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (failure of proper service); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (filing documents out of time); *Muskrat v. Deer Creek Pub. Schs.*, 715 F.3d 775, 789 (10th Cir. 2013) (motion to reconsider); *Lundahl v. Halabi*, 773 F.3d 1061, 1076 (10th Cir. 2014) (denial of recusal).

We have reviewed the parties' briefs, the record, and the applicable legal authorities. We agree with the district court's analysis and reasoning for dismissing Mr. Morgan's claims and for denying his motion to recuse. Accordingly, we affirm the district court's judgment for substantially the same reasons as set forth in its orders dismissing the various defendants and denying recusal.

Entered for the Court

Jerome A. Holmes
Circuit Judge