FILED
United States Court of Appeals
Tenth Circuit

April 8, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONNIE LEN McCOLLUM,

        Plaintiff - Appellant,

and

REBECCA M. ELDRIDGE; JILL
McCOLLUM,

        Plaintiffs,

v.

STATE OF KANSAS, EX REL.
SECRETARY OF DEPARTMENT FOR
CHILDREN AND FAMILIES; NEOSHO
MEMORIAL REGIONAL MEDICAL
CENTER; SAINT FRANCIS
COMMUNITY SERVICES;
GREENWOOD COUNTY COURT;
WEST ELK SCHOOL DISTRICT #282,

        Defendants - Appellees.

No. 14-3147
(D.C. No. 6:14-CV-01049-EFM-KMH)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Ronnie Len McCollum appeals from the district court's dismissal of his federal lawsuit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. McCollum and two other plaintiffs filed suit in the district court seeking the immediate return of three children who had been placed in state custody, as well as money damages. To establish federal jurisdiction, the plaintiffs referred to diversity jurisdiction; Article VII, Section 14 of the Bill of Rights; 28 U.S.C. § 1343; the Endangered Species Act of 1973 (ESA); the Revised Kansas Code for Care of Children; and the Privacy Act. The defendants moved to dismiss. In a thorough memorandum and order, the district court concluded that the plaintiffs had failed to establish any ground for federal jurisdiction. The district court also determined that even if it had found a basis for asserting jurisdiction, it would abstain under *Younger v. Harris*, 401 U.S. 37 (1971), and that Eleventh Amendment immunity precluded the plaintiffs from proceeding against two of the defendants. Accordingly, the district court dismissed the case.

We review the issue of subject matter jurisdiction de novo. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Id.* at 1309 (internal quotation marks omitted). "A court lacking jurisdiction cannot render judgment but must dismiss the cause . . . ." *Id.* (internal quotation marks omitted).

Mr. McCollum is the only appellant. Because he is representing himself, we liberally construe his filings. *See Lundahl v. Halabi*, 773 F.3d 1061, 1066 (10th Cir. 2014). "But this court will not act as a pro se litigant's advocate" and "cannot take on the responsibility for serving as the litigant's attorney in constructing arguments and searching the record." *Id.* at 1066-67 (internal quotation marks omitted). We generally consider any argument not raised in the appellant's opening brief to be waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

Most of Mr. McCollum's opening brief argues the merits of his underlying claims, rather than addressing whether the district court correctly determined that it lacked jurisdiction to hear the case. The only basis for federal jurisdiction mentioned in the opening brief is the ESA, which Mr. McCollum invokes because the children are the last of their family. But as the district court noted, the ESA is intended to protect fish, wildlife, and plants, *see* 16 U.S.C. § 1531(a), and Mr. McCollum has offered no authority that extends the ESA to protect human beings.

Having reviewed the briefs and the record, we see no reversible error, and we affirm the dismissal for substantially the reasons set forth in the district court's order filed on July 8, 2014.

Entered for the Court

Bobby R. Baldock
Circuit Judge